IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
November 02, 2021 11:49 AM
SX-2020-CR-00317
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. SX-20-CR-317 |
| vs. ) | |
| ) | |
| KAREEM RICHARDSON, ) | Cite as 2021 VI Super 107U |
| ) | |
| Defendant. ) | |

**AMIE M. SIMPSON, ESQ.**
Assistant Attorney General
V.I. Department of Justice
213 Estate La Reine, Kingshill
RR 1 Box 6151
St. Croix, V.I. 00850
*Attorney for the People of the Virgin Islands*

**MARTIAL A. WEBSTER, SR., ESQ.**
Law Office of Martial A. Webster
116 Queen Cross Street
Frederiksted, V.I. 00840
P.O. Box 1568
Kingshill, V.I. 00851
*Attorney for the Defendant*

**CARTY, RENÉE GUMBS,** Judge

## MEMORANDUM OPINION

¶1 **BEFORE THE COURT** is Defendant's "Motion to Suppress Identification Evidence and Request for Evidentiary Hearing with Points and Authority," filed on July 2, 2021. The People of the Virgin Islands (the "People") filed their opposition on August 2, 2021, and a suppression hearing was held on September 24, 2021. Defendant Kareem Richardson moved to suppress two (2) photo arrays and in-court identification of the Defendant at trial. The Court viewed two (2) video exhibits of witnesses selecting the Defendant in photo arrays, Defendant's exhibit 5 photo array dated November 6, 2020; and also heard the sworn testimonies of Detective Aisha Jules and Defendant Richardson. Based on all the evidence at the hearing, this Court does not find the pre-trial identification procedure used by Detective Jules impermissibly or unduly suggestive. Further, even upon analysis of the

totality of the circumstances, the Court arrives to the same conclusion that there was no substantial likelihood of misidentification. Therefore, this Court will **deny** Defendant Richardson's motion.

## I.    FACTUAL BACKGROUND

¶2      The following testimony was adduced from the hearing held on September 24, 2021. Detective Jules has been employed for approximately thirteen (13) years at the Virgin Islands Police Department. Detective Jules is investigating the murder of Mr. Bomani Christian ("Christian" or "the deceased") which occurred on or about November 1, 2020, during the day, at his home #69 Catherine's Hope, Christiansted, St. Croix, Virgin Islands. The deceased left behind two (2) children: twin boys aged approximately ten (10) years. Within hours of the incident, police officers and detectives elicited information from both witnesses, who were present at the house at the time of the homicide. Each witness identified Richardson in separate interviews in different photo arrays. One witness identified Richardson as the fourth picture, bottom left, in photo array number 1. The other witness identified Richardson as the third picture, top right, in photo array number 2. Both witnesses provided the police with information such as the name of Defendant's daughter and Defendant's nickname: "Jaco."

¶3      Testimony from Detective Jules further provided Richardson went to the police station on November 2, 2020, and spoke with Detective Leon Cruz regarding a picture of him circulating on social media associating him with the homicide. Richardson returned the following day on November 3, 2020, and spoke with Detective Jules about the same picture and accusations surrounding his involvement. Detective Jules testified she investigated the matter and told Defendant there was

2

nothing she could do and instructed him to file a police report. However, Richardson elected not to file a report and left.

¶4     The People entered into evidence Detective Jules' separate video interviews of the two witnesses and the photo arrays examined by each witness. On video, Detective Jules advised the witnesses to choose the guy(s) in the house "only if you are absolutely sure." She carefully explained the instructions to each witness, which states:

> "[y]ou are about to be shown a group of individuals who may or may not have been involved in a Criminal Act under Investigation. Please look carefully at each person. If you can identify the person who committed the Criminal Act, please circle the appropriate number below to indicate the person you have identified. Do not feel obligated to choose any particular photograph unless you are certain about your identification."

¶5     Detective Jules advised each witness the Defendant may or may not be pictured in the photo array and that the witness is not obligated to pick someone. Both witnesses, separately, examined their respective photo array and selected the picture of Richardson in each array. The Court recognized the witnesses promptly identified Richardson as the individual they saw in the house the night of the incident.

¶6     At the crime scene, the witnesses reported that during the incident they saw Defendant and another assailant in Christian's bedroom from another bedroom. The witnesses also reported they recognized Richardson as the person in the house by his braided hairstyle and his footwear; and they also recognized Richardson from previous interactions with the deceased and recalled seeing Richardson at a barbershop in Sunny Isles. The witnesses also mentioned sharing a classroom with

Defendant's daughter and recalled interaction that occurred at the school between Defendant and Christian.

¶7    According to Detective Jules' testimony, both witnesses were shown additional, but different photo arrays administered on November 6, 2020, identified as Defendant's exhibits 3, 5, and 6. Both witnesses made identifications in those photo arrays, but it is unclear as to who was identified in those arrays. What is clear, however, is the identifications were not of Richardson, nor was he pictured in Defendant's exhibits 3, 5, or 6. The Court also recognized the contradictory reports from the witnesses where one witness placed Richardson in a yellow sweater and the other assailant in all black apparel, while the other witness placed Richardson in all black apparel and the other perpetrator in the yellow sweater.

¶8    Defendant Richardson testified that on the day of the incident, he cooked breakfast for his children and later that morning between 11:00 a.m. and 12:00 p.m., he went to Cost-U-Less. Defendant corroborated Detective Jules' testimony and stated that on November 2, 2020, he went to the police station and provided a statement to Detective Cruz about a picture of him, his girlfriend, and his child circulating on social media identifying him as the person associated with the homicide. He returned to the station on the following day, and spoke with Detective Jules, who informed him that there was nothing the police could do at the time and for further assistance, Richardson would need to file a police report. Richardson confirmed he did not file a report and left the station. He further testified he knew the deceased from an interaction at school between their children and he spoke with Christian letting him know that if problems persist, he intends to contact the school and

request a parental conference. Richardson scheduled a parental conference at the school but testified

no children were present at that time. Defendant also testified he has never been to a barbershop in

Sunny Isle.

¶9      Defendant requests suppression of his identification. He asserts the pre-trial identification

procedure was impermissibly suggestive because a picture of him affiliating him with the homicide

circulated on social media and likely influenced the witnesses prior to their identification of him in

the photo arrays. He argues the spread of the picture created substantial likelihood that the witnesses

consciously or subconsciously selected him in photo arrays 1 and 2. Additionally, Richardson

contends the witnesses' identifications of him are unreliable because neither witness identified the

face of the perpetrators at the house during the crime, and they either misidentified or did not select

a person in exhibits 3, 5, and 6. Further, one of the misidentifications was that of a deceased person,

hence the unreliability. These three reasons, whether considered independently or in the totality, do

not create a substantial likelihood of the witnesses misidentifying Richardson because they were

familiar with Richardson prior to the homicide.

## II.    LEGAL DISCUSSION

### A. Standard for Analyzing a Motion to Suppress.

¶10     A pre-trial identification procedure violates constitutional due process if the procedure is so

unnecessarily suggestive as to create a substantial likelihood of irreparable misidentification. *Garcia*

*v. Government of the Virgin Islands*, 48 V.I. 530, 536 (D.V.I. App. Div. 2006) (citing *Neil v. Biggers*,

409 U.S. 188, 196-99 (1972)). Courts employ a two-part test to determine whether an identification

procedure violates constitutional due process. *Richards v. People of the Virgin Islands*, 53 V.I. 379, 387 (V.I. 2010). First, the court must determine whether the identification procedure was unnecessarily suggestive. *Richards*, at 387. If the procedure was not unnecessarily suggestive, the inquiry ends there. However, if it was unnecessarily suggestive, the court then decides whether the identification that occurred was reliable despite the suggestive procedure. *Id*. The court examines "the totality of the circumstances to determine whether it was so suggestive as to give rise to a substantial likelihood of misidentification." *Potter v. People of the V.I.*, 56 V.I. 779, 789 (V.I. 2012). When evaluating the totality of the circumstances, courts consider factors such as: (1.) the opportunity of the witness to view the criminal at the time of the crime; (2.) the witness' degree of attention; (3.) the accuracy of the witness' prior description of the criminal; (4.) the level of certainty demonstrated by the witness at the [identification]; (5.) and the length of time between the crime and the [identification]. *People of the V.I. v. Boyce*, No. SX-13-CR-092, 2014 V.I. LEXIS 84, at *4-5 (Super. Ct. Oct. 6, 2014) (quoting *Biggers*, at 199-200).

## B. The Pre-Trial Identification Procedure was Not Impermissibly or Unduly Suggestive.

¶11    Based upon the testimony provided, the Court does not find photo array number 1 or photo array number 2 impermissibly or unduly suggestive. Neither does the Court find anything impermissible or unnecessarily suggestive about Detective Jules' manner of administering the photo selection process. Moreover, the photo array depicted six (6) African-American men with similar facial features, skin complexion, and hairstyle, irrespective of whether the hair was braided or

dreadlocked hair. The Court finds both witnesses confidently and promptly identified Richardson from the arrays and each witness signed their name and dated the selected photograph.

¶12     Richardson argues the witnesses' "misidentifications" in photo array numbers 3, 5, and 6 is evidence of the People's pre-trial identification procedures being unduly suggestive. Richardson cites *United States v. Foppe*, 993 F.2d 1444, 1450 (9th Cir. 1993) to support this assertion. However, contrary to Defendant's belief, this Court's decision is in line with *Foppe*. In *Foppe*, the court held the in-court identification was properly admitted because the witness' courtroom identification "rested on an independent recollection" of the defendant and did not stem from a violation of the defendant's fourth amendment rights. Here, the witnesses recognized Richardson from previous interactions while they were in the presence of Christian and saw Richardson at a barbershop in Sunny Isles. Moreover, both witnesses identified Defendant as one of the men in the house in each photo array that depicted him. Additionally, there is no evidence in the record or elicited from testimony to confirm that the witnesses saw a photo of the Defendant on social media after the homicide and were likely influenced to make the identification in the following days.

¶13     In sum, the pre-trial identification procedure was not impermissibly or unduly suggestive because of the witnesses' independent recollection of Richardson and the pre-trial identification procedure was not performed in a biased or unnecessarily suggestive manner. Any contradictory testimony, such as the outfit Richardson was wearing when the witnesses saw him in Christian's room goes to the credibility of the witness and not the suggestiveness of the pre-trial identification.

### C. Even If the Pre-Trial Identification Procedure was Impermissibly or Unduly Suggestive, the Totality of the Circumstances Does Not Suggest a Substantial Likelihood of Misidentification.

¶14     Since the standard for impermissibility was not met, the Court does not need to evaluate the totality of the circumstances. However, even if the Court conducted this evaluation, there was no evidence or testimony provided during the hearing suggesting a substantial likelihood of misidentification. The witnesses were interviewed by police hours after the incident with the memory of the event still fresh in their minds. The witnesses had the opportunity to view Richardson in Christian's bedroom from the other room across the hall, despite having to hide for their own safety. The witnesses' description of Defendant shows the witnesses were certain in their conclusion that Richardson was in the house the night of the incident. The witnesses also recognized Richardson as the father of one of their classmates and referred to him by his nickname. As mentioned, both witnesses recognized Defendant from the braids and footgear. The Court recognizes the witnesses placed Richardson in different outfits but both witnesses identified Richardson from the photo array almost instantly.

¶15     The opportunity of the witnesses to view the criminal at the time of the crime, the witnesses' degree of attention, the level of certainty demonstrated by the witnesses, and the three-day period between the crime and the identification all favor the reliability of the witnesses' identification of Defendant. The photo arrays are not impermissibly or unduly suggestive, and even considering the totality of the circumstances, the selection process still did not suggest substantial likelihood of misidentification.

## III.    CONCLUSION

¶16    Based on the foregoing reasons, this Court finds the pre-trial identification procedure employed by Detective Jules sufficient and not impermissibly or unduly suggestive. Furthermore, even considering the totality of the circumstances, although not required, there has been no substantial likelihood of misidentification. The Court finds there was a proper identification. Therefore, for the aforementioned reasons, the Court will **deny** Defendant Kareem Richardson's motion to suppress identification evidence. An appropriate order follows.

Dated: October 29, 2021

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor  11, 2, 2021

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

PEOPLE OF THE VIRGIN ISLANDS, )
)
        Plaintiff, )
)
           vs. )
)
KAREEM RICHARDSON, )
)
        Defendant. )
_____)

Case No.  SX-20-CR-317

Cite as 2021 VI Super 107U

## ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Suppress Identification Evidence and Request for Evidentiary Hearing with Points and Authority," filed on July 2, 2021. The People of the Virgin Islands (the "People") filed their opposition on August 2, 2021, and a suppression hearing was held on September 24, 2021. For the reasons set forth in the Memorandum Opinion of even date, it is hereby

**ORDERED** that Defendant Kareem Richardson's Motion to Suppress Identification Evidence is **DENIED**; and it is further

**ORDERED** that a copy of this Order shall be directed to Assistant Attorney General Amie M. Simpson, Esquire and Martial A. Webster, Sr., Esquire.

Dated: October _____, 2021

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor  11/2/2021

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands